# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| KERRY CADDIE | CASE NO. 6:17-CV-01574 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court in this employment discrimination suit are a Motion to Dismiss [ECF No. 47] and a Motion for Summary Judgment [ECF No. 50], filed by Defendants Mark Garber (individually and in his official capacity as Sheriff for Lafayette Parish), Jules Broussard (individually and in his official capacity as Captain of the Lafayette Parish Sheriff's Office), Mike Neustrom (individually and in his official capacity as former Sheriff for Lafayette Parish), and Berkley Insurance Company. The motions are unopposed. For the reasons that follow, the motions are GRANTED.

Plaintiff Kerry Caddie brings this suit against her former employer and supervisor, alleging defendants subjected her to unlawful discrimination on the basis of her race, gender and disability, and additionally alleging defendants violated her constitutional rights. Defendants now seek dismissal of plaintiff's claim of unlawful discrimination in violation of the Americans with Disabilities Act, arguing plaintiff failed to exhaust her administrative remedies with regard to this claim, as she never filed such a charge with the Equal Employment Opportunity Commission ("EEOC") or its Louisiana counterpart, the Louisiana Commission on Human Rights ("LCHR"). "[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao v. Auchan*

*Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996). "[B]efore a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Id.* It is undisputed plaintiff has not filed a disability discrimination charge with the EEOC or the LCHR. [ECF No. 49]. Accordingly, plaintiff's claim for unlawful discrimination in violation of the Americans with Disabilities Act must be dismissed.

In their motion for summary judgment, defendants contend they are entitled to judgment in their favor dismissing plaintiff's claims for violations of her due process rights under the United States and Louisiana Constitutions. According to defendants, plaintiff's claim "that her termination violated her constitutional rights to due process" under the United States and Louisiana Constitutions must be dismissed, because plaintiff "does not have a protected property or liberty interest in connection with her employment as a sheriff's deputy for the Lafayette Parish Sheriff's Office." [ECF No. 50-1 at 2]. Plaintiff responds that she has "no objection to the granting of the partial summary judgment in favor of the Defendants only on the issue of property rights under the 14th Amendment Due Process Clause." [ECF No. 53]. Plaintiff makes no statement regarding any due process rights granted to her by the Louisiana Constitution. Accordingly, she appears to waive that claim as well. Following a review of defendants' memorandum and the cases cited therein, the motion appears to be well-founded in fact and in law. Accordingly, plaintiff's claims for violations of her due process rights under the United States and Louisiana Constitutions will be dismissed.

For the reasons set forth above, the Motion to Dismiss [ECF No. 47] and the Motion for Summary Judgment [ECF No. 50] are GRANTED, and plaintiff's claim of unlawful discrimination in violation of the Americans with Disabilities Act and her claim for violations of

her due process rights arising under the United States and Louisiana Constitutions are DISMISSED.

THUS DONE in Chambers on this 31st day of July, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**